UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**STEWART ASHBY, JR.,**

    *Plaintiff,*

v.   Civil Action No.:_____

**M/V KOTA BAKAT,**   **Plaintiff Demands**
**Her engines, tackle, equipment and appurtenances,**   **Trial By Jury**
*in rem*,

**PSI (2) PTE LTD,**
**Owner of M/V KOTA BAKAT,**

**PACIFIC INTERNATIONAL (PTE) LTD,**
**a/k/a PACIFIC INTERNATIONAL LINES (Private) LIMITED,**
**Operator/Owner** *pro hac vice* **of M/V KOTA BAKAT,**

**and**

**INDUSTRIAL MARITIME CARRIERS (BERMUDA) LIMITED,**
**Charterer,**

    *Defendants.*

## VERIFIED COMPLAINT

    **Stewart Ashby, Jr.**, ("Ashby" or "Plaintiff,") by and through the undersigned counsel, hereby moves this Honorable Court for a judgment, award and execution jointly and severally against **M/V KOTA BAKAT**, her engines, tackle, equipment and appurtenances, *in rem*, ("Vessel;") **PSI (2) PTE Ltd**., owner of M/V KOTA BAKAT; **Pacific International (PTE) Ltd. a/k/a Pacific International Lines (Private) Limited,** owner/operator of M/V KOTA BAKAT; and **Industrial Maritime Carriers (Bermuda) Limited** f/k/a or a subsidiary of

Intermarine, L.L.C., charterer, (collectively, "Defendants,") jointly and severally, together with interest and costs incident to this proceeding for the reasons set forth below.

## THE PARTIES, JURISDICTION AND VENUE

1. The Court has jurisdiction over all *in personam* claims in this action pursuant to 28 U.S.C. § 1332 diversity of citizenship and/or alienage in that:

   a. Stewart Ashby, Jr., Plaintiff, is a citizen of the Commonwealth of Virginia.

   b. The Vessel - M/V KOTA BAKAT, IMO No. 9593684, Call Sign 9V9484 - is a 161-foot Singapore-flagged general cargo ship.

   i. At all times relevant to this action, the Vessel was owned by PSI (2) PTE Ltd.; managed or operated by Pacific International (PTE) LTD; and chartered by Industrial Maritime Carriers (Bermuda) Limited or its predecessor in interest, Intermarine, L.L.C.

   ii. The Standard Club Asia Ltd., as protection and indemnity insurer for the Vessel, executed in favor of Stewart Ashby, Jr. a Letter of Undertaking ("LOU") dated March 20, 2020 *inter alia* agreeing to file or cause to be filed an *in rem and/or quasi in rem* appearance and answer on behalf of M/V KOTA BAKAT in this action in lieu of arrest or any other surety. A true and accurate copy of the LOU is attached to this Complaint as **Exhibit 1,** which Stewart Ashby, Jr. files in lieu of arrest of the Vessel.

   c. Defendant PSI (2) PTE Ltd. ("PSI" or "Owner") is an entity organized and existing under the laws of the Republic of Singapore which, upon information and belief,

maintains its principal place of business in the Republic of Singapore, is or at all times relevant to this action engaged in business within this judicial district in the ports and on the waterways in and around the City of Norfolk, Virginia, and is not registered to conduct business in the Commonwealth of Virginia.

    d.  Defendant Pacific International (PTE) LTD, ("Pacific International" or "Operator/Manager") is an entity organized and existing under the laws of the Republic of Singapore, maintains its principal place of business in the Republic of Singapore, is or at all times relevant to this action was, engaged in business in the ports and on the waterways in and around the City of Norfolk, Virginia within this judicial district, and is not registered to conduct business in the Commonwealth of Virginia.

    e.  Defendant Industrial Maritime Carriers (Bermuda) Limited, ("IMC" or "Charterer") is an entity organized and existing under the laws of the United Kingdom Territory of Bermuda, maintains its principal place of business in Bermuda, is or at all times relevant to this action was engaged in business within this judicial district in the ports and on the waterways in and around the City of Norfolk, Virginia, and is not registered to conduct business in the Commonwealth of Virginia.

    f.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

  2.  The Court also has jurisdiction over claims in this action pursuant to 28 U.S.C. § 1333 and the General Maritime Law of the United States because this maritime tort claim

involves Plaintiff's injury on board the Vessel while it was at berth on and around the navigable waterways of the Commonwealth of Virginia within this judicial district.

3. Venue in this Court is proper because the Vessel, the Owner, the Operator/Manager and the Charterer are subject to this court's personal jurisdiction by virtue of the fact that all or substantially all of the actions and omissions giving rise to Plaintiff's claims occurred in this judicial district thereby satisfying the requirements of 28 U.S.C. § 1391(b)(2).

4. Venue is proper in this Court 28 U.S.C. § 1391(c)(3) because Defendants are not resident in the United States and may be sued in any judicial district.

5. In the alternative, venue is proper in this Court for the Vessel, the Owner and the Operator/Manager because they agreed in the Letter of Undertaking to appear and defend in United States District Court for the Eastern District of Virginia on terms set forth in the LOU.  *See* Exhibit 1.

6. Also, in the alternative, venue is proper in this Court because the M/V KOTA BAKAT is now, or will be during the pendency of this action, within this judicial district or otherwise subject to the jurisdiction of this Court, and because the Owner, the Operator/Manager and the Charterer at all times relevant to Plaintiff's claims directed the actions of the Vessel and its officers and crew.

## **FACTS**

7. Ashby repeats, reiterates and realleges each allegation contained in the paragraphs above as if fully set forth herein at length.

8. On October 10, 2017, and at all times material to this action, Ashby worked as a general longshoreman for a stevedore employer which had been hired by Defendants to discharge cargo from the Vessel which at the time was pierside in navigable waters at Newport News Marine Terminal.

9. On that date, and at all times material to this action, Ashby worked in the course and scope of his employment in the Vessel's cargo hold participating in discharging cargo from the Vessel.

10. At the time of his employment on October 10, 2017, and all times material to this action, Ashby was engaged in maritime employment and was a covered employee within the definitions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C., § 901, *et seq*. ("Longshore Act.")

11. Section 905(b) of the Longshore Act preserves Ashby's right as an injured worker to recover damages from third parties in accordance with non-statutory negligence principles; Ashby brings such claims against Defendants in this action.

12. At all times material to this action, Defendants owned, operated, chartered, managed, maintained, controlled, serviced, repaired, and inspected the Vessel and its equipment, including, but not limited to, its decks, cargo holds, cranes and the crane's hooks, bars and other rigging with which Ashby was injured.

13. At all times material to this action, Defendants controlled, directed, instructed, managed, and trained the officers and crew of the Vessel and were otherwise responsible in *respondeat superior* for their conduct.

14. On October 10, 2017, the Vessel, through its officers and crew, instructed the stevedore to use the ship's crane to discharge cargo from the hold onto the pier at the marine terminal.

15. The Vessel's crane was experiencing mechanical malfunctions which caused its engine to shut off suddenly and without warning.

16. The Vessel's crane had been having mechanical malfunctions throughout the entire discharge operations, beginning on October 9, 2017.

17. Upon information and belief, the defect in the crane existed prior to the time the area was turned over to the stevedore to discharge the cargo.

18. The Vessel, through its officers and crew, was aware of the malfunction and actively engaged in the operation by requiring continued use of the defective crane.

19. Thus, Defendants were aware of the defect in the ship's equipment being used by the stevedore during cargo operations and failed to protect Ashby against an unreasonable risk of harm.

20. Defendants failed to repair the defective condition and failed to stop the work until it could be done safely.

Case 2:20-cv-00502-RAJ-RJK   Document 1   Filed 10/07/20   Page 7 of 14 PageID# 7

21. By reason of Defendants' order to use the malfunctioning and dangerous ship's crane, Defendants retained or resumed active control of the area where Ashby was required to work.

22. The malfunctioning ship's crane was hazardous and created a grave risk of harm to Ashby and others working on the Vessel and yet Defendants insisted the stevedore continue to use the ship's crane for the discharge.

23. At the same place and time, while Ashby was in the cargo hold rigging cargo for the next lift, the returning crane suddenly cut off.

24. When the crane cut off, the crane hook and bar dangling from the end of the crane swung rapidly toward Ashby and crashed into his neck and shoulder.

25. Ashby was severely injured by the crane's hook and bar apparatus.

26. After the equipment slammed into Ashby, he began to lose the use of his arm and shoulder. As a result, he required assistance to go up the ladder to the deck. He was then transported for medical care.

27. As a result of the incident, Plaintiff suffered serious injury which required multiple surgeries and intense, lengthy and painful medical care.

28. The injury rendered him unable to work and caused injuries from which he shall never recover.

29. As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including disability and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctor's expenses and expenses of other health care

*Stewart Ashby, Jr. v. M/V KOTA BAKAT, in rem, et al.*
United States District Court, Eastern District of Virginia
Verified Complaint
7

providers and will continue to do so in the future; Plaintiff suffered great pain and suffering, anxiety and mental distress, inconvenience, and the loss of quality of life, including loss of consortium, and will continue to do so in the future; Plaintiff suffered loss of wages due to the injury and will continue to do so in the future, and suffered loss of earning capacity.

30. Plaintiff's injury and damages were proximately caused by the negligence of the Defendants, for which Defendants, one or all of them, jointly and severally, are responsible.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

31. Ashby repeats, reiterates and realleges each allegation contained in the paragraphs above as if fully set forth herein at length.

32. The General Maritime Law imposes liability against a vessel, *in rem*, and against the Vessel's owners and charterers, *in personam,* if a vessel commits a maritime tort.

33. During vessel operations in port, the Vessel and other Defendants had a duty to turn over the vessel to the stevedore in a reasonably safe condition; a duty of reasonable care to prevent injuries to longshoremen, including Mr. Ashby, in the work areas under the active control of the Vessel, and a duty to intervene in stevedoring operations when defective equipment is being used, in order to protect Ashby and other longshoreman against an unreasonable risk of harm.

34. Defendants, one or all of them, through their Vessel, officers, crew members, representatives or employees, breached the duties in the following ways:

a. Failure to turn over the Vessel to the stevedore in a reasonably safe condition;

b. Failure to exercise reasonable care to provide Plaintiff a reasonably safe place to work when it had a duty to do so;

c. Failure to protect Plaintiff and others similarly situated against the hazardous condition as it existed at the time the Plaintiff suffered injury;

d. Failure to intervene in stevedore operations in a positive way to ensure the use of a properly functioning ship's crane;

e. Failure to stop the work;

f. Failure to repair the crane;

g. Requiring the stevedore to use the ship's crane for cargo discharge even though the Vessel was aware of the fact it was defective and posed a grave risk of harm to longshore workers like Mr. Ashby;

h. Failure to warn Plaintiff of the hazardous condition as it existed at the time of Plaintiff's injury;

i. Failure to ensure the proper maintenance of the crane to eliminate the risk of injury to Plaintiff and others working on its Vessel;

j. Failure to provide adequate training to its employees; and

k. Failure to establish appropriate policies and procedures concerning proper and safe conduct during stevedoring operations.

*Stewart Ashby, Jr. v. M/V KOTA BAKAT, in rem, et al.*
United States District Court, Eastern District of Virginia
Verified Complaint
9

35. As a result of the incident, Plaintiff suffered serious injury which required multiple surgeries and intense, lengthy and painful medical care.

36. The injury rendered him unable to work and caused injuries from which he shall never recover.

37. As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including disability and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctor's expenses and expenses of other health care providers and will continue to do so in the future; Plaintiff suffered great pain and suffering, anxiety and mental distress, inconvenience, and the loss of quality of life, including loss of consortium, and will continue to do so in the future; Plaintiff suffered loss of wages due to the injury and will continue to do so in the future, and suffered loss of earning capacity.

38. Plaintiff's injury and damages were proximately caused by the negligence of the Defendants, for which Defendants, one or all of them, jointly and severally, are responsible.

## SECOND CAUSE OF ACTION
## IN REM AGAINST M/V KOTA BAKAT

39. Plaintiff repeats, reiterates and realleges each allegation contained in paragraphs above as if fully set forth herein at length.

40. The General Maritime Law imposes liability against a vessel, *in rem*, if a vessel commits a maritime tort and provides a maritime lien against the offending vessel.

41. By reason of the allegations set out in this Complaint, Ashby has a maritime lien against M/V KOTA BAKOT *in rem* for all damages resulting from injuries he suffered on

October 10, 2017 as a result of the actions and inactions of M/V KOTA BAKAT, its owner, owner pro *hac vice*, and charterers.

42.     Plaintiff reasserts the fact that The Standard Club Asia Ltd., as protection and indemnity insurer for the Vessel, executed in favor of Stewart Ashby, Jr. a Letter of Undertaking ("LOU") dated March 20, 2020 *inter alia* agreeing to file or cause to be filed an *in rem and/or quasi in rem* appearance and answer on behalf of M/V KOTA BAKAT in this action in lieu of arrest or any other surety.  A true and accurate copy of the LOU is attached to this Complaint as **Exhibit 1,** which Stewart Ashby, Jr. files in lieu of arrest of the Vessel.

43.     Nothing in this Second Cause of Action is intended to waive any *in personam* claims Ashby may have against any non-vessel Defendant for the claims filed pursuant to the diversity jurisdiction of the Court.

## PRAYER FOR RELIEF

WHEREFORE, Stewart Ashby, Jr. prays that the Court grant the following relief:

1.     Require PSI (2) PTE Ltd. and Pacific International (Pte) Ltd, a/k/a Pacific International Lines (Private) Limited to file a Verified Statement of Right of Interest;

2.     With regard to the First Cause of Action, enter judgment against PSI (2) PTE Ltd. and PACIFIC INTERNATIONAL (PTE) LTD, a/k/a PACIFIC INTERNATIONAL LINES (Private) LIMITED, *in personam*, in the sum of Five Million Dollars and enter judgment against Industrial Maritime Carriers (Bermuda) Limited f/k/a or a subsidiary of Intermarine, L.L.C., *in personam*, in the sum of Five Million Dollars, jointly and severally;

3. With regard to the Second Cause of Action, enter judgment against M/V KOTA BAKAT, her engines, tackle, equipment and appurtenances, *in rem or quasi in rem,* in the amount of Five Million Dollars;

4. Recognize Stewart Ashby, Jr.'s maritime lien against them M/V KOTA BAKAT and cause it to be enforced and paid with priority over all other claims and/or intervenors;

5. Enforce the terms and provisions set forth in the Letter of Undertaking attached as Exhibit 1 to the benefit of Steward Ashby, Jr.;

6. Award all other money damages allowable under law, including pre-judgment interest and post-judgment interest available under the General Maritime Law, and the taxable costs of this proceeding; and

7. Award such other further relief that this Court deems just, proper and equitable under the circumstances.

## JURY DEMAND

Plaintiff demands a jury on all triable issues.

**STEWART ASHBY, JR.**

By: /s/ Deborah C. Waters
Deborah C. Waters, Esquire
VSB # 28913
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA 23510
Telephone: 757-446-1434
Facsimile: 757-446-1438
Email: dwaters@waterslawva.com

Adam H. Lotkin, Esquire
VSB# 45588
Rutter Mills L.L.P.
160 West Brambleton Avenue
Norfolk, VA  23510
Telephone:  757-622-5000
Facsimile:   757-623-9189
Email:  alotkin@ruttermills.com
*Attorneys for Stewart Ashby, Jr.*

## **VERIFICATION OF COMPLAINT**

Deborah C. Waters, Attorney at Law, duly admitted to practice in the courts of the Commonwealth of Virginia, affirms as follows:

1. I am the attorney for the Plaintiff in this matter. I drafted the foregoing Complaint and, to the best of my knowledge, understanding and belief, know its contents to be true.

2. The source of my information and the grounds for my belief are based upon my own investigation, documents obtained from other counsel or parties, documents obtained from authorities, information obtained from experts and communications with Steward Ashby, Jr.

Dated: October 7, 2020

_____
Deborah C. Waters, Esquire

Subscribed and sworn to before me this 7th day of October, 2020.

_____
Notary Public

My commission expires:

03/31/2024

*Stewart Ashby, Jr. v. M/V KOTA BAKAT, in rem, et al.*
United States District Court, Eastern District of Virginia
Complaint
14